**The Cardoza Law Corporation**
Michael F. Cardoza, Esq. (SBN: 194065)
Mike.Cardoza@cardozalawcorp.com
Lauren B. Veggian, Esq. (SBN: 309929)
Lauren.Veggian@cardozalawcorp.com
548 Market St., #80594
San Francisco, CA 94104
Telephone:  (415) 488-8041
Facsimile:   (415) 651-9700
*Attorneys for Plaintiff*,
Garrett Gaskins

# UNITED STATES DISTRICT COURT
# FOR THE
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRETT GASKINS,<br><br>Plaintiff,<br><br>v.<br><br>ASSET RECOVERY SOLUTIONS, LLC,<br><br>Defendant. | Case No.: 3:21-cv-9776<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**<br><br>1.) **FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 ET SEQ.; AND**<br><br>2.) **ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT CAL CIV §§ 1788, ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

///

///

///

///

**COMPLAINT FOR DAMAGES**

## INTRODUCTION

1. This is a case about a debt collector who harassed a consumer by continuing to collect after the consumer had provided written notice that he refused to pay.

2. **GARRETT GASKINS** (hereinafter "Plaintiff"), by Plaintiff's attorney, brings this action for actual damages, statutory damages, attorneys fees, and costs, against **ASSET RECOVERY SOLUTIONS, LLC** for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788 et seq. (hereinafter "RFDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to the Plaintiff, or to the Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. All violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

6. Unless otherwise indicated, the use of a Defendant's name in this Complaint includes all agents, principles, managing agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that Defendant named.

## JURISDICTION AND VENUE

7. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the

///

laws of the United States, and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

8. This action arises out of Defendant's violations of the FDCPA, and the RFDCPA.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## FDCPA AND RFDCPA

10. In enacting the FDCPA, Congress found that:

   a. There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors.  Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

   b. Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

   c. Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

   d. Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

   e. It is the purpose of this title to eliminate abusive debt collection practice by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect Consumers against debt collection abuses.  15 U.S.C. § 1692.

11. Similarly, when enacting the RFDCPA, the California Legislature found that:

///

> The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. Cal. Civil Code § 1788.1(a)(1).

12. The FDCPA and the RFDCPA are both strict liability statutes. That is, a plaintiff need not prove intent or knowledge on the part of the debt collector to establish liability. *See Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1060-61 (9th Cir. 2011); *Donohue v. Quick Collect*, 592 F.3d 1027, 1030 ("[t]he FDCPA is a strict liability statute that makes debt collectors liable for violations that are not knowing or intentional").

13. To further protect consumers, claims under the FDCPA and RFDCPA are to be judged according to the "least sophisticated debtor" or "least sophisticated consumer" standard. *Gonzales* at 1061. This standard is lower than the "reasonable debtor" standard, and is specifically designed to protect consumers of below average and sophistication or intelligence. *Id.* In addition, a plaintiff need not even have actually been misled or deceived by the debt collector's communication. Rather, liability depends on whether the *hypothetical* least sophisticated debtor – someone who is uninformed and naïve – would have likely been misled. *Id.*; *see also Tourgeman v. Collins Financial Servs.*, 755 F.3d 1109, 1119 (9th Cir. 2014).

### INTRADISTRICT ASSIGNMENT

14. Intradistrict assignment to the SAN FRANCISCO/OAKLAND DIVISION is proper because this case's category is not excepted by Civil L.R. 3-2(c) and a substantial part of the events or omissions which give rise to the claim occurred in the county of SAN FRANCISCO.

## PARTIES

15. Plaintiff is natural person who resides in the County of San Francisco, State of California. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and "Debtor" as that term is defined by California Civil Code § 1788.2(h).

16. Defendant Asset Recovery Solutions, LLC (hereinafter "Defendant ARS") is a California corporation operating from an address of 1004 W. Taft Ave. STE 100, Orange, CA 92865, and is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692a(6) and Cal. Civ. Code § 1788.2(c) because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts that it did not originate. It operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of California. Its principal, if not sole, business purpose is the collection of defaulted consumer debts originated by others, and, in fact was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

17. This case involves money due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

## FACTUAL ALLEGATIONS

18. Plaintiff is an individual residing in the County of San Francisco in the State of California.

19. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendant conducted and continues to conduct business in the State of California.

20. Plaintiff took out a loan for personal, family or household purposes and at some time subsequent, fell behind on payments.

21. Defendant was hired to collect the alleged debt from Plaintiff.
22. On October 14, 2021, Defendant sent Plaintiff an email attempting to collect the alleged debt.
23. On October 20, 2021, Plaintiff replied to Defendant's email with words to the effect that Plaintiff refused to pay Defendant.
24. On October 22, 2021, Defendant called Plaintiff, identified itself, and proceeded to attempt to collect the alleged debt.
25. On November 27, 2021, Defendant called Plaintiff, identified itself, and proceeded to attempt to collect the alleged debt.
26. On multiple occasions between October 20, 2021, and continuing through the present, Defendant has communicated with Plaintiff with respect to the debt.

## ACTUAL DAMAGES

27. Plaintiff has suffered actual damages as a result of these illegal collection and intimidation tactics by this Defendant in the form of invasion of privacy, personal embarrassment, loss of personal reputation, loss of productive time, nausea, and feelings of fear, anxiety, hopelessness, anger, persecution, emotional distress, frustration, upset, humiliation, and embarrassment, amongst other negative emotions.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

## COUNT I

## VIOLATION OF § 1692C OF THE FDCPA

28. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.
29. A debt collector violates § 1692c of the FDCPA when it, communicates with a consumer after the consumer notifies in writing that they refuse to pay or wish the debt collector to stop communicating.
30. Defendant violated §1692c of the FDCPA when it when it among other qualifying actions and omissions, willfully and without justification, communicated with

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

Plaintiff after Plaintiff notified Defendant in writing that he refused to pay the debt.

    a. The violative communications by Defendant were not to advise Plaintiff that further collection efforts were being terminated, were not to notify Plaintiff that Defendants may invoke specified remedies which are ordinarily invoked by Defendants and were not to notify Plaintiff that Defendants intended to invoke a specific remedy.

## COUNT II

### VIOLATION OF § 1788.17 OF THE RFDCPA

31. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. A defendant violates § 1788.17 of the RFDCPA when it fails to comply with the provisions of 15 U.S.C. § 1692b to 1692j, inclusive.

33. Defendant violated § 1788.17 of the RFDCPA when it willfully engaged in conduct, the natural consequence of which the violation of 15 U.S.C. § 1692c.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendant for:

    a) Award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) (FDCPA) and pursuant to Cal. Civ. Code § 1788.30 (RFDCPA), against Defendant and for Plaintiff, and,

    b) Award of statutory damages in the amount of $1000.00 pursuant to 15 U.S.C. § 1692k(a)(1) (FDCPA) against Defendant and for Plaintiff, and,

    c) Award of statutory damages in the amount of $1000.00 pursuant to Cal. Civ. Code § 1788.30 (RFDCPA) against Defendant and for Plaintiff, and,

    d) Award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(1) (FDCPA) and pursuant to Cal. Civ. Code § 1788.30 (RFDCPA), against Defendant and for Plaintiff, and,

///

e) Award to Plaintiff of such other and further relief as may be just and proper.

<u>**TRIAL BY JURY IS DEMANDED.**</u>

34. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

**THE CARDOZA LAW CORPORATION**

DATED:  December 17, 2021

BY: <u>/s/ Michael F. Cardoza</u>
Michael F. Cardoza, Esq.
Lauren B. Veggian, Esq.
Attorneys for Plaintiff
Garrett Gaskins